1  PHILLIP A. TALBERT
   United States Attorney
2  STEPHANIE M. STOKMAN
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone:    (559) 497-4000
   Facsimile:    (559) 497-4099
5
   Attorneys for Plaintiff
6  United States of America

7

8                   IN THE UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,              CASE NO.  1:21-CR-00223-NONE-SKO

12                      Plaintiff,         STIPULATION REGARDING EXCLUDABLE
                                           TIME PERIODS UNDER SPEEDY TRIAL ACT;
13            v.                           ORDER

14  MICHAEL CARPENTER,                     DATE: June 29, 2022
    CHLOE MAYFIELD SMITH,                  TIME: 1:00 p.m.
15                                         COURT: Hon. Sheila K. Oberto
                      Defendants.

16

17        This case is set for status conference on June 29, 2022.  On May 13, 2020, this Court issued

18  General Order 618, which suspends all jury trials in the Eastern District of California "until further

19  notice."  Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18

20  U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's

21  judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after

22  May 2, 2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency,

23  were entered to address public health concerns related to COVID-19.

24        Although the General Orders and declarations of emergency address the district-wide health

25  concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

26  "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

27  _____

28        [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
    request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
    will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

    STIPULATION REGARDING EXCLUDABLE TIME            1
    PERIODS UNDER SPEEDY TRIAL ACT

findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [2]  If continued, this Court should designate a new date

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1   for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

2   pretrial continuance must be "specifically limited in time").

3                                    **STIPULATION**

4          Plaintiff United States of America, by and through its counsel of record, and defendants, by and

5   through defendants' counsel of record, hereby stipulate as follows:

6          1.      By previous order, this matter was set for status on June 29, 2022.

7          2.      By this stipulation, defendants now move to continue the status conference until

8   September 21, 2022, and to exclude time between June 29, 2022, and September 21, 2022, under 18

9   U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

10         3.      The parties agree and stipulate, and request that the Court find the following:

11                 a)      The government has represented that the discovery associated with this case

12  includes reports, photographs, and audio files. All of this discovery has been either produced

13  directly to counsel and/or made available for inspection and copying.

14                 b)      Counsel for defendants desire additional time to further review discovery, discuss

15  potential resolution with his client and the government, and investigate and prepare for trial.

16                 c)      Counsel for defendants believe that failure to grant the above-requested

17  continuance would deny him/her the reasonable time necessary for effective preparation, taking

18  into account the exercise of due diligence.

19                 d)      The government does not object to the continuance.

20                 e)      Based on the above-stated findings, the ends of justice served by continuing the

21  case as requested outweigh the interest of the public and the defendant in a trial within the

22  original date prescribed by the Speedy Trial Act.

23                 f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

24  et seq., within which trial must commence, the time period of June 29, 2022 to September 21,

25  2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code

26  T4] because it results from a continuance granted by the Court at defendants' request on the basis

27  of the Court's finding that the ends of justice served by taking such action outweigh the best

28  interest of the public and the defendants in a speedy trial.

g)      The parties also agree that this continuance is necessary for several reasons, including but not limited to, the need to permit time for the parties to exchange supplemental discovery, engage in plea negotiations, and for the defense to continue its investigation and preparation, pursuant to 18 U.S.C. § 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv).

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  May 24, 2022                          PHILLIP A. TALBERT
                                              United States Attorney


                                              /s/ STEPHANIE M. STOKMAN
                                              STEPHANIE M. STOKMAN
                                              Assistant United States Attorney

Dated:  May 24, 2022                          /s/ BARBARA O'NEILL
                                              BARBARA O'NEILL
                                              Counsel for Defendant
                                              MICHAEL CARPENTER

Dated:  May 24, 2022                          /s/ HARRY DRANDELL
                                              HARRY DRANDELL
                                              Counsel for Defendant
                                              CHLOE MAYFIELD SMITH

**ORDER**

IT IS SO ORDERED.


DATED: 5/26/2022                      _Sheila K. Oberto_
                                      _____
                                      THE HONORABLE SHEILA K. OBERTO
                                      UNITED STATES MAGISTRATE JUDGE